## Harlan State Bank v. Banner Fork Coal Corporation.

(Decided March 21, 1924.)

### Appeal from Harlan Circuit Court.

1. Bailment—Duty to Return Bailed Property is Absolute.—Power of disposal of property by bailee is the same, whether it acted as bailee gratuitously or for pay, and a bailee's duty to return the property to its owner is absolute, and not dependent upon diligence or good faith, when considered apart from the duty to keep for return.

2. Banks and Banking—Bank Sending Liberty Bonds to Wrong Address Held Liable for Loss by Theft.—A bank requested to send Liberty bonds to purchaser by registered mail was liable for the value of the bonds, where it sent them to a post office address other than that on the printed heading of the purchaser's letter, and they were there stolen by burglars, regardless of whether the bank acted as a bailee gratuitously or for pay.

HALL, JONES & LEE for appellant.

J. E. SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By agreement with governmental agents for the sale of Fourth Liberty Loan bonds in Harlan county, Kentucky, appellant received, for delivery to appellee when paid for, a number of such bonds of the par value of $1,650.00, for which the latter had subscribed at par and accrued interest, payable in installments. Appellant's place of business is at the county seat, and that of appellee out in the county at Kentenia, Ky., which is about two miles from Twila.

Upon receipt of notice that the last installment on the bonds was due, appellee inclosed its check therefor in a letter to appellant, directing it to "send us these bonds by registered mail." Appellant collected the check, sent the bonds by registered mail to appellee, but addressed the letter to Twila instead of Kentenia. A

few nights later burglars stole the bonds from the Twila postoffice, and this is an appeal by the bank from a judgment against it for the value of the bonds in favor of the coal corporation.

Counsel agree that in this transaction appellant was a bailee and appellee the bailor, but devote much space in their briefs to a discussion of whether on the evidence appellant was compensated or not for its service, as determinative of its duty in caring for the bonds, but that question is not here, since they were not lost because of any failure upon the part of appellant to care for them while in its custody but because of its failure to deliver them to appellee in accordance with its directions after it had fulfilled the bailment conditions.

Hence the question for decision depends upon the bailee's power of disposal rather than its duty to preserve the deposit, and this power is the same whether it acted as bailee gratuitously or for pay. The bailee's duty to preserve the deposit for redelivery to the bailor is not absolute, and demands of him only due care and good faith, but he has no power to dispose of it except to the bailor or in accordance with his directions, and his duty to return the property to its owner is absolute and not dependent upon diligence or good faith, when considered separate and apart from the duty to keep for return as is the case here. 3 R. C. L. 104; 6 C. J. 1143.

While the bailee does not insure that he will safely keep and return the deposit, he does bind himself absolutely that he will not voluntarily dispose of it except to the bailor or in accordance with his directions. So if appellant, in attempting a redelivery to appellee, failed, no matter for what reason, to do so in the manner agreed upon, it assumed all risk resultant therefrom, because such risk was neither contemplated nor authorized by appellee.

It is true that appellee's letter did not, in so many words, direct appellant to send the bonds to it at Kentenia, but the printed heading on the letter to appellant gave that place as its postoffice address and made no mention of Twila, and it is clear we think that the letter must be construed as directing appellant to send the bonds by registered mail to Kentenia, and that in sending them to Twila appellant must, without regard to the degree of care exercised in so doing, answer to appellee for the loss resultant therefrom, no matter how occasioned.

As the facts were undisputed, the verdict should have been directed for appellee for the value of the bonds, and we need not consider the instructions upon which the jury returned a like verdict.

Judgment affirmed.